Yost *v.* West Penn Railways Company, Appellant.

Argued September 29, 1939. Before SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

408

*William A. Challener,* with him *William A. Challener, Jr.,* for appellant.

*James P. McArdle,* with him *Samuel A. Weiss, Samuel G. Wagner,* of *Wagner & Wagner,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 27, 1939:

The action is trespass to recover damages for personal injury. The injury was a broken hip. It is permanent in character. The jury found in plaintiff's favor, making an award to her of $10,000. The court reduced it to $8,500.

On its appeal, defendant points to certain trial errors, which it claims warrant a new venire. We have carefully considered all of them and are of opinion the judgment should stand.

The injury to plaintiff resulted from her fall from the step of defendant's street car, while she was in the act of boarding it. Her proof is that the step gave way under her, falling from a horizontal to a vertical position. Defendant counters that this did not and could not have taken place; that her fall was due either to slipping on the step or the street surface. There is no dispute that she fell. Two witnesses corroborated her statement that the step, immediately after the accident, hung vertically. This was contradicted by a number of witnesses called by defendant.

Appellant's first complaint is that the trial judge improperly charged on the question of the weight of the evidence. The judge said: "By preponderance of the evidence is meant the weight of the evidence and by the weight of the evidence is not meant the quantity of evidence but the quality of the evidence." At the close of the charge, plaintiff's counsel said to the judge

that he had failed to charge that the weight of the evidence is not measured purely by the number of witnesses, to which the judge replied that he had "very definitely told the jury it was quality and not the quantity, that the testimony of one witness can overcome the testimony of ten, that it was quality and not quantity evidence." This was excepted to by defendant's counsel. When account is taken of the painstaking way the trial judge reviewed all the testimony, we think no reversible error exists in this feature of the charge. This is not a case where plaintiff's testimony stood alone on the vital issue of the controversy, as in *Patterson v. Pittsburgh Rys. Co.,* 322 Pa. 125, 185 A. 283, and the cases there cited. Here, there was corroboration by other witnesses of plaintiff's story that the step had fallen.

Appellant urges upon us that the court erred in confusing the issue by treating the defense as based on contributory negligence, whereas that defense was not set up, and also by stating that the question of liability depended upon whether plaintiff's injury occurred while entering the car or leaving it. We think the comments of the court on these two matters could not have confused the jury. While defendant pitched its case solely on the proposition that the step did not fall, it would not seem to us to have been harmful to it to caution the jury that unless plaintiff was free from negligence herself, she could not recover. What was said about the injury occurring while entering or leaving the car is a very minor thing and, when the whole charge is taken into account, could not have confused the jury.

The next assumption of error in the charge is based upon the court's statements relative to the measure of damages, the argument being that the part of the charge as to present worth was not in accord with what we have announced as a proper instruction. The court said: "If you would allow anything for future medi-

cal attention or for future pain, suffering and inconvenience, then that amount would be figured at its present worth, and to figure present worth, you allow an amount that put out at six per cent interest, would create the fund that you figure is going to be the amount that she should get in the future as a result of having to pay out for doctors' bills or having to be in distress or being called upon to endure pain and suffering." While this statement does not meet the full requirements which we have approved on this feature of damages, it could not have done defendant harm; if anything, the instruction was more favorable than it was entitled to. Present worth does not apply to damages awarded for future pain, suffering and inconvenience: *Hunter v. Pope,* 289 Pa. 560, 137 A. 731, and cases there cited. Nor does it apply to future medical attention. Future medical attention presupposes an out-of-pocket expenditure by the plaintiff. She was entitled to have defendant presently place in her hands the money necessary to meet her future medical expenses, as estimated by the jury based upon the testimony heard, so that she will have it ready to lay out when the service is rendered. Damages for expected medical expenses and for future pain and suffering are entirely different from damages for loss of future earnings, which, of course, must be reduced to present worth. There was no claim in this case for loss of future earnings.

Appellant suggests that the charge indicates to the jury that it was to award a sum, the interest from which would compensate her for payments of medical services, distress, pain and suffering. While the language is not altogether clear, if the jury understood at all what present worth means, they would not conclude the meaning to be as appellant contends. The only prejudicial effect of the instruction so far as defendant is concerned would be to possibly augment the verdict. At the figure to which the court has reduced it, we think appellant has

no valid complaint of its size considering the seriousness and permanency of plaintiff's injuries.

While it is argued in defendant's behalf that the charge as a whole unduly minimizes its evidence, our reading of the charge does not leave this impression. We think it fairly presented the evidence on both sides.

The judgment is affirmed.