BENJAMIN DANIEL HOOD v. GERTRUDE BUTLER KENNEDY

No. 698SC28

(Filed 18 June 1969)

**1. Damages §§ 3, 16—    permanent injuries**

   The court should not give an instruction allowing the jury to assess damages for permanent injuries unless there is evidence from which a conclusion of permanent injury proximately resulting from the wrongful act complained of may properly be drawn.

**2. Damages §§ 3, 16— proof of permanent injuries — instructions — objective or subjective injury**

Upon proof of an objective injury from which it is apparent that the plaintiff must of necessity continue to undergo pain and suffering in the future, the jury may award damages for the permanent injury without the necessity of expert testimony; where the injury is subjective and of such a nature that laymen cannot with reasonable certainty know whether there will be future pain and suffering, plaintiff must offer expert medical testimony that he, with reasonable certainty, may be expected to experience future pain and suffering as a result of the injury proven in order to warrant an instruction authorizing the jury to award damages for permanent injury.

**3. Damages §§ 3, 16— instructions allowing damages for permanent injuries — sufficiency of evidence**

In this action for injuries received when plaintiff's bicycle was struck by defendant's automobile, the trial court erred in instructing the jury that the plaintiff could recover "prospective" damages where the evidence does not reveal such objective injury resulting from the wrongful act of defendant as to permit the jury to award damages for permanent injuries and plaintiff presented no expert medical testimony as to his injuries.

APPEAL by defendant from *Parker, J.,* 23 September 1968 Civil Session of Superior Court of WAYNE County.

This is a civil action for damages received by the plaintiff when the bicycle he was riding was struck by an automobile operated by the defendant. The parties stipulated that the defendant was negligent in the operation of the automobile and that the only issue before the jury would be the issue of damages. The plaintiff testified that he was hit in the left ankle bone, and he grabbed and held to the hood of the defendant's automobile which traveled some distance before stopping; while he was holding to the hood of the car, his feet dragged on the road and that he fell from the hood to the road as the car stopped; he was seen in the emergency room of the Wayne County Memorial Hospital by Dr. Winfield Thompson; he was not hospitalized but returned home where he stayed in bed; later he was seen by Dr. Paul Bennett who had x-rays taken of the plaintiff and prescribed pain medications. There is no evidence in the record that plaintiff sustained any broken bones. He also testified he was in bed approximately six weeks; he suffered from pain and swelling of the left ankle, continuous headaches and that his stomach was still in "bad shape"; he feels dizzy at times, has headaches, and has some trouble with his left ankle. The plaintiff further testified that he had incurred total medical expenses of $122.30. The plaintiff testified that he was not gainfully employed at the time of the accident, and in fact, was drawing 100 per cent disability from the Government because of service connected injuries. The defendant offered no evi-

dence. The jury returned a verdict awarding the plaintiff $5,000.00 in damages.

From the judgment entered in accordance with the verdict, the defendant appeals to the Court of Appeals, assigning error *inter alia* in the charge of the trial court.

*Taylor, Allen, Warren & Kerr by John H. Kerr, III for defendant appellant.*

*John S. Peacock and Joseph H. Davis for plaintiff appellee.*

MALLARD, C.J.

In instructions to the jury the trial court used the following language:

"The sum fixed should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future as the direct and proximate result of the negligent act or acts of the defendant.

The Court further instructs you that in assessing prospective damage, that is any damage in the future, by reason of a possibility of pain he will suffer, or any of the elements constituting damage in this action, then you are to award only the present worth or the present cash value of any future damages, as the plaintiff is to have a judgment in advance for any alleged future loss, and the award on this issue is to be made on the basis of a cash settlement and should be a fair and reasonable compensation to the plaintiff for his injuries, present, past and prospective, occurring as a direct and proximate result of the negligent act or acts of the defendant."

In several other portions of the charge the trial court refers to "prospective" damages that might be suffered by the plaintiff.

[1] "Where there is evidence from which a conclusion of permanent injury proximately resulting from the wrongful act may properly be drawn, the court should charge the jury so as to permit its inclusion in an award of damages. On the other hand, where there is not sufficient evidence of the permanency of an injury proximately resulting from the wrongful act, the court should not give an instruction allowing the jury to assess damages for permanent injuries. . . . (N)o such instruction should be given where the evidence respecting permanency and that it proximately resulted from the wrongful act is purely speculative or conjectural." *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40.

The question arises as to whether the plaintiff has presented sufficient evidence of the permanency of his injuries resulting from the wrongful act of the defendant to warrant an instruction as to "prospective" damages.

**[2]**    In the case of *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753, it is stated:

> "There can be no recovery for a permanent injury unless there is some evidence tending to establish one with reasonable certainty. . . . Upon proof of an *objective* injury from which it is apparent that the injured person must of necessity continue to undergo pain and suffering in the future, the jury may award damages for it without the necessity of expert testimony. Where, however, the injury is *subjective* and of such a nature that laymen cannot, with reasonable certainty, know whether there will be future pain and suffering, it is necessary, in order to warrant an instruction which will authorize the jury to award damages for permanent injury, that there 'be offered evidence by expert witnesses, learned in human anatomy, who can testify, either from a personal examination or knowledge of the history of the case, or from hypothetical questions based on the facts, that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering as a result of the injury proven.' "

**[3]**    The evidence in this case does not reveal that plaintiff in the collision complained of suffered permanent injuries. If he does have permanent injuries the evidence leaves unanswered the question as to whether they are caused by his service connected injuries or the collision of his bicycle with the automobile operated by defendant. The evidence does not reveal such objective injury proximately resulting from the wrongful act of defendant as to permit the jury to award damages for permanent injuries. There was no testimony concerning plaintiff's injuries from expert medical witnesses. In the absence thereof, it was prejudicial error in this case to charge the jury that the plaintiff could recover "prospective" damages.

Defendant's other assignments of error are formal ones that need not be discussed since, for the reason stated, there must be a

New trial.

BRITT and PARKER, JJ., concur.