DANIEL OWEN BATTEN v. PAUL W. DUBOISE

No. 6922SC335

(Filed 22 October 1969)

**Automobiles § 50; Negligence § 8— proximate cause of injury — sufficiency of evidence**

In this action for injuries to plaintiff's right leg alleged to have been received in an automobile accident, the trial court erred in granting defendant's motion for nonsuit on the ground that plaintiff had failed to show that the injuries to his leg were proximately caused by the accident, where plaintiff testified that his leg had not been injured prior to the accident and that it had been discolored since the accident.

APPEAL by plaintiff from *McConnell, J.,* 17 February 1969 Session, DAVIDSON Superior Court.

Plaintiff brings this action to recover for injuries to plaintiff's right leg alleged to have been received in a one-car collision wherein plaintiff was a passenger.

Plaintiff lives in Thomasville, North Carolina, but at the time of the accident complained of he was visiting relatives in Columbus County.

At the close of plaintiff's evidence defendant's motion for nonsuit was allowed with the following remarks from the trial judge: "I'll sustain the motion. I think there is too much left to the imagination. . . . I am not sustaining the motion on contributory negligence. I granted it on the grounds that there is no evidence how the man's leg was hurt."

From the entry of judgment of nonsuit, plaintiff appealed.

*Charles F. Lambeth, Jr., for plaintiff appellant.*

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, for defendant appellee.*

BROCK, J.

To entitle plaintiff to have his case submitted to the jury he must, among other things, bear the burden of producing evidence from which the jury might draw a reasonable inference that the particular injuries of which he complained were the proximate result of the accident.

Plaintiff testified, concerning how the injury to his right leg was received, in part as follows: "When I started to get into the car nothing at all was wrong with my leg. Not to the best of my knowledge. It hadn't been cut any way or hurt any way as it was after the accident." And he further testified: "My leg was never discolored prior to the wreck. It's been that way since."

There were discrepancies and contradictions in the plaintiff's evidence, but such were for the jury, not the Court, to resolve. Whether plaintiff can prevail before the jury is another matter.

Considering plaintiff's evidence in the light most favorable to him, as must be done upon motion for nonsuit, we hold that plaintiff's evidence of lack of injury to his leg before the accident coupled with his evidence of injury to his leg after the accident, was sufficient to overcome motion for nonsuit upon this point.

Reversed.

BRITT and VAUGHN, JJ., concur.