HAROLD TICKLE v. STANDARD INSULATING COMPANY AND
ATLANTIC MUTUAL INSURANCE COMPANY

No. 7026IC198

(Filed 6 May 1970)

1. **Damages § 3; Master and Servant § 56—** necessity for expert
medical evidence of causation

Where a lay person could have no well-founded knowledge with respect
to an illness or injury complained of and could do no more than speculate
as to its cause, there can be no recovery therefor without expert medical
testimony of causation.

2. **Master and Servant § 56; Damages § 3—** workmen's compensa-
tion — temporary total disability — failure to offer expert medical
evidence of causation of injury — sufficiency of evidence of causation

In this proceeding for workmen's compensation benefits for an alleged
back injury, the Industrial Commission did not err in making an award
to plaintiff for temporary total disability, notwithstanding plaintiff offered
no expert medical evidence of diagnosis or causation of the back injury,
where plaintiff testified that while he was unloading heavy bundles of
cardboard from a truck, two of the bundles unexpectedly stuck together
and came off the truck together, that he immediately experienced pain in
his side and lower back and fell to the ground, that he was out of work
for several months, and plaintiff's doctor testified that he saw plaintiff
the day after the accident, that plaintiff had a limited range of motion and
had tenderness and pain in his lower back muscles, that after seeing
plaintiff at weekly intervals for several months, plaintiff was released
from house confinement with the recommendation that he resume light
work, plaintiff having introduced evidence from which the trier of facts
could draw a reasonable inference that plaintiff's back injury was the
proximate result of the accident.

3. **Appeal and Error § 45—** abandonment of assignments of error

Assignment of error is deemed abandoned where it is not brought for-
ward and argued in the brief. Court of Appeals Rule No. 28.


APPEAL by defendants from the North Carolina Industrial Com-
mission opinion and award of 14 November 1969.

Plaintiff claims benefits under the Workmen's Compensation Act
for an alleged injury to his back. The deputy commissioner, after
hearing the evidence, found facts, made conclusions of law and en-
tered an award for temporary total disability and medical expenses.
Defendants appealed to the Full Commission. Finding of fact No. 5
was amended by the Commission and in all other respects the award
of the deputy commissioner was affirmed. Defendants appealed.

*Fairley, Hamrick, Monteith and Cobb by S. Dean Hamrick for
plaintiff appellee.*

*Robert L. Scott for defendant appellants.*

MORRIS, J.

Defendants' first four assignments of error raise a single question on appeal: Whether, absent expert medical testimony as to the diagnosis of plaintiff's back condition or as to any causal relation between that condition and the accident, an award for temporary total disability can be made?

Although defendants have preserved their exception to the finding of fact that "Plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer on September 24, 1968", they do not seriously contend that the occurrence from which plaintiff's injuries resulted was not an accident within the provisions of the Act. In any event, there is sufficient competent evidence in the record to support the finding that an accident occurred. Defendants do seriously contend that no expert medical evidence appears in the record to connect the accident with the injury complained of.

[2]    Plaintiff testified that on 24 September 1968, he was employed by Standard Insulating Company and was engaged in unloading bundles of cardboard from a Volkswagon pickup truck. Each bundle was about 4 feet long, 14 inches wide and 5 or 6 inches thick. The truck had been backed up to the door of the warehouse and the tailgate had been lowered. Plaintiff's helper was standing in the doorway of the warehouse and plaintiff was standing on the ground to remove the bundles from the truck. There were 6 bundles on the truck. "A bundle of these cardboard items weighs 70 to 75 pounds. They are held together by two nylon cords or strings. With reference to the end of each bundle the nylon cord is spaced from end to center, divided distance from one end to the other enough to support the weight to pick them up with the cords. The cords are about half way between the center and ends of each bundle. There is one on one side of the bundle and one on the other side. These cords are tied together with one knot and with a loop like a shoestring tied. The knot is on the top or on the bottom of each bundle according to how the bundle is standing up and down because when it is tied you can hold both sides. There are two knots on the top and bottom of each bundle, all tied together." Plaintiff testified that after he let the tailgate down, he picked up the first bundle and set it down in the doorway with a right-left motion with a half step. He repeated this for the second bundle. When he picked up the third one, the fourth bundle was "hung" to it and the two bundles came off at the

same time. At that time plaintiff experienced pain in his side and lower back, which pain went up to the back of his head, his knees gave way, and he "was on the ground for a few minutes". Plaintiff did not work the rest of that day and did not return to work until 7 January 1969. He testified that he did not normally pick up more than one bundle at the time.

The doctor testified that he saw plaintiff the next day, that plaintiff arrived at the clinic in a bent over condition with considerable back pain. Range of motion was markedly limited. There was tenderness in the muscles in his lower back. "On deep palpation of his back there was some considerable pain in these muscles." Tests were made resulting in no suggestion of nerve root impression or nerve root damage. This was confirmed by the fact that plaintiff had good strength and sensation in his lower extremities. X-rays revealed no bone damage. The doctor saw plaintiff at weekly intervals for several months, and on 6 January 1969 released him from house confinement with the recommendation that he resume light type work beginning 7 January. The doctor testified that plaintiff gave a history of "Bending over picking up heavy bundles of cardboard and twisting his back on the previous day."

Defendants urge that plaintiff failed to elicit from the doctor any evidence of diagnosis nor did defendants elicit from him any evidence as to whether the unexpected occurrence of two bundles coming off the stack together could have produced the back condition and that this lack of evidence is fatal to plaintiff's claim.

Defendants take the position that the opinion in *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965), requires this proof. We do not agree. There plaintiff was injured when she was struck by an automobile door on 12 June 1962. She was a passenger in defendant's automobile. Defendant had stopped the car and defendant had gotten out to go in a store. The engine was still running and the transmission was in gear. Defendant spoke to plaintiff, and plaintiff turned toward defendant. As plaintiff stood listening to defendant, between the opened right door and the door frame, defendant's foot slipped off the clutch. The car lurched forward, and the door came back suddenly against plaintiff's right hip. Some 6 days later she went to a doctor, was admitted to the hospital for 12 days, and a week after her discharge from the hospital was readmitted for 5 days. Some 6 months later it was discovered that plaintiff at that time had a ruptured disc in the interspace between the fourth and fifth lumbar vertebræ. There was no medical evidence that plaintiff's ruptured disc might, with reasonable probability, have resulted from

the accident of 12 June 1962. The Court held that the evidence failed to supply the missing inference of cause and effect. The Court noted that "One of the most difficult problems in legal medicine is the determination of the relationship between an injury or a specific episode and rupture of the intervertebral disc. 1 Lawyer's Medical Cyclopedia § 7.16 (1958 Ed.)"

There is no indication here of disc or nerve involvement. In fact the medical testimony was to the contrary. The evidence was that the onset pain of which plaintiff complained was simultaneous with the accident. Nor do we have before us an award for permanent disability.

**[1, 2]**    We agree that where the injury or illness is such that a lay person could have no well-founded knowledge with respect thereto and could do no more than engage in speculation as to the cause of the condition complained of, then expert medical testimony is necessary, but "There are many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of." *Gillikin v. Burbage, supra; Jordan v. Glickman*, 219 N.C. 388, 14 S.E. 2d 40 (1941). We think the case now before us falls in the latter category, and that plaintiff introduced evidence from which the trier of the facts might draw a reasonable inference that the particular injury of which he complained was the proximate result of the accident. See *Batten v. Duboise*, 6 N.C. App. 445, 169 S.E. 2d 892 (1969). Defendants' assignments of error Nos. 1, 2, 3 and 4 are overruled.

**[3]**    Defendants' remaining assignment of error is to the failure of the Full Commission to rule on motion filed with it by defendants. This assignment of error and the exception on which it is based are not brought forward and argued in defendants' brief and the assignment of error is deemed abandoned. Rule 28, Rules of Practice in the North Carolina Court of Appeals.

Affirmed.

MALLARD, C.J., and VAUGHN, J., concur.