J. V. SOLES, EMPLOYEE v. STEPHENS FARM EQUIPMENT COMPANY, EMPLOYER, TRAVELERS INSURANCE COMPANY, CARRIER

No. 7013IC367

(Filed 15 July 1970)

Master and Servant § 65— ruptured disc — accident in course of employment — sufficiency of evidence

Plaintiff's evidence was sufficient to support a finding that he sustained an injury by accident arising out of and in the course of his employment with defendant where it tends to show that plaintiff experienced pain when he bent over and attempted to pick up a tractor tire, and plaintiff's doctor testified that he diagnosed plaintiff's injury as a ruptured disc when he first saw and treated plaintiff for the injury complained of and that bending over or lifting objects can cause such a condition.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission filed 19 February 1970.

Plaintiff claims benefits under the Workmen's Compensation Act for an alleged injury to his back on 25 October 1968. The deputy commissioner, after hearing the evidence, found facts, made conclusions of law, and entered an award for temporary total disability and medical expenses. The deputy commissioner found as a fact and also as a conclusion of law that the plaintiff had not reached maximum improvement at the time of the hearing and that, therefore, his permanent partial disability, if any, could not be determined at that time. Defendants excepted and appealed to the Full Commission. The Full Commission overruled the exceptions filed by defendants and adopted as its own the opinion and award of the deputy commissioner. Defendants appealed to the Court of Appeals.

*Williamson & Walton by Benton H. Walton, III, for plaintiff appellee.*

*Powell & Powell by Frank M. Powell for defendants appellants.*

MALLARD, C.J.

Defendants' only assignment of error is to "the finding of fact that there is competent evidence in this record to substantiate a finding of injury by accident." Defendants contend that there is no evidence establishing a causal relation between plaintiff's condition and the alleged accident. Defendants also contend that there is not a scintilla of medical evidence that plaintiff's ruptured disc might, with reasonable probability, have resulted from the alleged accident upon which he bases his claim.

Plaintiff testified that on Friday, 25 October 1968, he was employed by the Stephens Farm Equipment Company (Stephens) as general manager. On that date he and another employee, Osborne Taylor (Taylor), were inspecting some tractor tires owned by Stephens. That "whenever I inspected one laying on the right; in other words, it was kind of in a tilted position, and I turned to the left, twisted to the left to pick up one to inspect it that had water in it, and whenever I did that, I felt a pain in my back and burning. I stood the tire up; in other words, I was standing it up." He told Taylor that he had hurt his back. He then went back into his office and told the office secretary that he had hurt his back and asked her to report it to their insurance carrier. He went to Dr. Carroll about the pain in his back three or four days later. Dr. Carroll examined him, gave him prescriptions for medicine for pain, and sent him home. He was admitted to the hospital on 1 November 1968. After his release, it was necessary that he be readmitted to the hospital. He was thereafter repeatedly admitted to a Charlotte hospital, and on his third admission, surgery was performed on his back on 21 February 1969. Plaintiff testified that prior to 25 October 1968 he had not had any trouble with his back since 1963. He is still required to wear a brace, has pain in his back, and his left leg is numb.

Plaintiff also testified that in 1960 or 1961 he had an injury to his back and that Dr. Miller had operated on him in 1961 for a ruptured disc. Plaintiff testified that he had "completely recovered from 1961 operation" and had had no trouble with his back from 1963 until 25 October 1968, and that prior to 25 October 1968 he had operated a chain saw and a tractor and had lifted sheets of tobacco weighing as much as two hundred pounds.

Dr. Carroll, as an expert medical witness, testified for the plaintiff that the plaintiff came to see him on 1 November 1968 and told him he had hurt his back lifting a tire several days before. Dr. Carroll thought he had a ruptured disc and treated him, putting

him in the hospital for several days. He then released him, but the condition grew worse, and he readmitted him. Dr. Carroll testified, in substance, that after 25 November 1968 the defendant continued to have trouble "to where he could not do anything" and that the plaintiff had not reached maximum improvement. On cross-examination, Dr. Carroll testified that "(b)ending over or lifting objects can cause a disc." Dr. Carroll also testified that he had treated plaintiff for a herniated disc in 1961 but that any treatment relating directly to the 1961 injury had not been given for "one or two years" and that the plaintiff "was able to work the last time I saw him previous to November 25."

Defendants' witness Taylor testified that plaintiff lifted the tire while trying to find a tire to fit a tractor Stephens had sold and that plaintiff did not usually lift tires. Taylor said that plaintiff told him then that he had hurt his back.

The question involved in this case is one of causation. A similar question arose in *Tickle v. Insulating Co.*, 8 N.C. App. 5, 173 S.E. 2d 491, *cert. denied*, 276 N.C. 728, (12 June 1970). However, in the *Tickle* case there was no question of disc or nerve involvement. This court held in *Tickle* that "the evidence was that the onset pain of which plaintiff complained was simultaneous with the accident." As such, it did not matter that "plaintiff failed to elicit from the doctor any evidence of diagnosis nor did defendants elicit from him any evidence as to whether the unexpected occurrence of two bundles coming off the stack together could have produced the back condition * * *." In the case before us the evidence is even stronger. The onset of pain, according to the evidence, was simultaneous with the accident. In addition, Dr. Carroll testified that (1) "(b)ending over or lifting objects can cause a disc," (2) by reason of "his back" plaintiff had been disabled, (3) the plaintiff had told him that he was in an awkward position lifting a tire at work and had experienced the pain, (4) that his diagnosis of the plaintiff "at that time, Nov. 1, 1968, was probable ruptured disc," (5) that Dr. Wrenn of the Miller Clinic did "repeat laminectomy" on the plaintiff, and (6) that Dr. Carroll thinks the plaintiff has some permanent partial disability "by reason of his back."

Defendants, in support of their contentions, cite *Hood v. Kennedy*, 5 N.C. App. 203, 167 S.E. 2d 874 (1969); *Miller v. Lucas*, 267 N.C. 1, 147 S.E. 2d 537 (1966); *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965); and *Lockwood v. McCaskill*, 262 N.C. 663, 138 S.E. 2d 541 (1964).

In the case before us there was no award made for permanent

injuries, if any, sustained by plaintiff. The *Hood* case and the *Gillikin* case are distinguishable from the case before us. In *Hood* and in *Gillikin* the plaintiffs sought to recover for alleged permanent injuries sustained in a collision of vehicles, and it was held that there was insufficient testimony of the permanency of the injuries alleged to have been sustained.

In the case before us the evidence was that the pain began when the plaintiff bent over and attempted to pick up a tractor tire and was simultaneous with the accident. Dr. Carroll testified that bending over or lifting objects can cause "a disc" and that he diagnosed the plaintiff's injury as a ruptured disc when he first saw and treated the plaintiff for the injury complained of. We think that there was sufficient evidence in the case before us to support a finding that the injury sustained by plaintiff on 25 October 1968 was caused by the plaintiff's bending over to pick up a tractor tire and that the factual situation in the *Miller* case and the *Lockwood* case relating to the question of the causation of an injury are distinguishable from the case before us.

In the case of *Tickle v. Insulating Co., supra,* Judge Morris said:

"We agree that where the injury or illness is such that a lay person could have no well-founded knowledge with respect thereto and could do no more than engage in speculation as to the cause of the condition complained of, then expert medical testimony is necessary, but 'There are many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of.' *Gillikin v. Burbage, supra; Jordan v. Glickman,* 219 N.C. 388, 14 S.E. 2d 40 (1941). We think the case now before us falls in the latter category, and the plaintiff introduced evidence from which the trier of the facts might draw a *reasonable inference* that the particular injury of which he complained was the proximate result of the accident. * * *" (Emphasis Added.)

In the case at bar we hold that there was ample evidence to support the finding that on 25 October 1968 the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer and the award based on such finding. The award of the Industrial Commission in this case is affirmed.

Affirmed.

MORRIS and GRAHAM, JJ., concur.