HOOPER JOHNSON v. GLADYS EDWARDS BROWN

No. 715SC155

(Filed 26 May 1971)

1. Negligence § 40— instructions on proximate cause — reversible error

Trial court's instructions on proximate cause in an automobile accident case, in which the court mistakenly used the word "plaintiff" instead of "defendant" in instructing on a defendant's negligent breach of duty, *held* reversible error when the instruction is considered with the court's further instruction that the jury must find that defendant's negligence was "one of the proximate causes of the collision."

2. Damages §§ 3, 16— damages for personal injuries — instructions which erroneously assumed permanent injuries

It was error for the court to instruct the jury that they could assess damages for permanent personal injuries to the defendant where the defendant offered no evidence that he had sustained permanent injuries.

APPEAL by plaintiff from *Tillery, Judge,* September 1970 Session of Superior Court held in NEW HANOVER County.

Plaintiff alleged that on 22 April 1969 he received permanent personal injuries and his automobile was damaged by the actionable negligence of the defendant in the operation of her automobile at the intersection of Second and Market Streets in the City of Wilmington. Defendant denied the material allegations of the complaint and in a counterclaim alleged that she sustained personal injuries in the collision and her automobile was damaged by the actionable negligence of the plaintiff.

The plaintiff offered evidence which in substance tended to show that on the date alleged, he entered the intersection of Second and Market Streets as he traveled North on Second Street when the automatic traffic control signal facing him was green and that the defendant, who was operating her automobile East on Market Street, entered the intersection thereafter on a red traffic signal and collided with his car, causing him to suffer permanent personal injuries and damages.

The defendant offered evidence which in substance tended to show that on this occasion she entered this intersection when the traffic control signal facing her was green and that thereafter the plaintiff entered on a red traffic signal and caused the collision with her car, in which her car was damaged and she received personal injuries.

Issues were submitted and answered by the jury as follows:

"1. Was the plaintiff injured in his person and damaged in his property by the negligence of the defendant, as alleged in the Complaint?

ANSWER: No.

2. Did the plaintiff, by his own negligence, contribute to his injuries and damage, as alleged in the Answer?

ANSWER: _____

3. In what amount is plaintiff entitled to recover of the defendant for the injuries to his person?

ANSWER: _____

4. In what amount is plaintiff entitled to recover of the defendant for his property damage?

ANSWER: _____

5. Was the defendant injured in her person, and damaged in her property by the negligence of the plaintiff?

ANSWER: Yes.

6. Did the defendant, by her own negligence, contribute to her injuries and damage as alleged?

ANSWER: No.

7. In what amount is the defendant entitled to recover of the plaintiff for injuries to her person?

ANSWER: $1,500.00.

8. In what amount is the defendant entitled to recover of the plaintiff for her property damage?

ANSWER: $476.26."

From judgment on the verdict, the plaintiff appealed.

*Aaron Goldberg for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellee.*

MALLARD, Chief Judge.

[1] Plaintiff assigns as error the following portion of the court's instruction to the jury on the first issue:

> "Was the plaintiff's negligent breach of duty the proximate cause or one of the proximate causes of resulting injury and damage?"

In this portion of the charge relating to proximate cause, the court used the word "plaintiff's" instead of "defendant's." While this, standing alone, may be considered harmless *lapsus linguae,* we think it may have confused the jury when it is considered with another portion of the charge on the first issue on proximate cause and assigned as error which reads:

> "It is required, however, that the plaintiff satisfy you from the evidence and by its greater weight that negligence on the part of the plaintiff was a proximate cause or one of the proximate causes of injury and damages."

In this latter instruction the court required the plaintiff to show by the greater weight of the evidence that negligence of "plaintiff" was "a proximate cause or one of the proximate causes of injury and damages." This is another confusing instruction on the first issue about proximate cause.

In the final mandate on this first issue, to which there was no exception, the court instructed the jury that if it was found that defendant's negligence "was one of the proximate causes of the collision between the vehicles and any resulting damage," to answer the first issue in the affirmative. When the words "was one of the proximate causes" are considered with the portions of the charge excepted to and assigned as error, we are of the opinion that the jury may have been confused as to what plaintiff had to prove in order to prevail on the first issue.

[2] Plaintiff also contends that the trial court committed error in charging the jury on the seventh issue as follows:

> "The rules for compensation, or the measure of damages on this issue for the defendant is the same as I gave to you before on the same issue for the plaintiff. The defend-

ant contends that you should answer this issue in the sum of $1500 or some other substantial amount."

In stating the rule as to the measure of damages on the third issue, the court said:

"The rule is that when a person is entitled to recover in a case of this kind, he is entitled to recover one compensation in a lump sum for all injuries, past, present and future, which you find to be the direct, natural, proximate result of the defendant's negligence. I charge you that as to any future suffering or damages which you may find as a result, that you would decrease any award along that line down to its present cash value, upon the theory that a dollar to be paid now for something that will occur in the future is worth more than if paid later. So, you will award upon that phase of the case, that is future suffering of damage, the present cash value of any future loss you may find Mr. Johnson may sustain. As to the things you may consider in determining the amount of money you will award to the plaintiff, if you award him anything, you may consider his age and occupation, the nature and extent of his business, the value of his services, any actual monetary loss he has had or will have in the future such as nurses' wages, doctor bills, medicine, hospital, and you will also consider the amount, if any, you find to be fair and reasonable compensation for suffering, both of body and mind, that you find proximately resulting to the plaintiff from the negligent act or acts of the defendant."

The plaintiff contends, and we agree, that upon the allegations and evidence of the plaintiff, it was proper for the court to instruct the jury on the third issue as to the measure of damages for *permanent* injuries. Plaintiff also contends, and we agree, that the defendant did not allege or offer any evidence of permanent injuries proximately resulting from the collision.

The defendant contends that the measure of damages in personal injury cases is the same and that it is only the application that differs. We do not agree. In Black's Law Dictionary, 4th Ed., the term "measure of damages" is defined as "the rule, or rather the system of rules, governing the adjustment or apportionment of damages as a compensation for injuries in actions at law." The rule or system of rules governing the adjustment or apportionment of damages as a compensation for

---

Johnson v. Brown

---

permanent injuries in *tort* actions is not the same as in *tort* actions where there are no permanent injuries. The main difference is that where there are no permanent injuries, there can be no award for future suffering or damages or for monetary loss in the future, "such as nurses' wages, doctor bills, medicine, hospital," and there is no necessity to decrease any award for future suffering or damages down to its present cash value.

Defendant argues that in connection with the third issue the court instructed the jury on permanent injury but that on the seventh issue the jury was not instructed on permanent injury. We do not agree. On the seventh issue the court said:

> "The *rules* for compensation, or the measure of damages on this issue for the defendant is the same as I gave to you before on the same issue for the plaintiff." (Emphasis added.)

When this instruction is compared with the instructions hereinabove set forth as given on the third issue which begins with "the rule is," we are unable to logically make the distinction defendant argues. This charge on permanent damages on the third issue was emphasized by the court in the final mandate on the seventh issue which begins with "I instruct you to use the same *rules* for compensation or measured damages as I gave you for the plaintiff * * *." (Emphasis added.) The rule or system of rules the jury was instructed to apply on the seventh issue thus embraced permanent damages.

"There can be no recovery for a permanent injury unless there is some evidence tending to establish one with reasonable certainty." *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753 (1965). It is error to instruct the jury that they may assess damages for permanent personal injuries when there is no evidence from which a conclusion of permanent personal injuries proximately resulting from the wrongful act complained of may be drawn. *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40 (1964); *Hood v. Kennedy,* 5 N.C. App. 203, 167 S.E. 2d 874 (1969); *Rogers v. Rogers,* 2 N.C. App. 668, 163 S.E. 2d 645 (1968).

Plaintiff has several assignments of error relating to the admission or rejection of evidence, most of which related to the physical condition of the plaintiff. The questions presented may not recur on a new trial. We hold that the error in the charge

on the question of proximate cause relating to the first issue, together with the error in the charge on the measure of damages, require that a new trial be had on all issues. It is so ordered.

New trial.

Judges PARKER and VAUGHN concur.