**Robert Earl THORPE et al.,
Defendants-Appellants,**

v.

**Gladys M. BAILEY and Linwood Bailey,
Plaintiffs-Appellees.**

Supreme Court of Delaware.

Submitted March 15, 1978.

Decided May 8, 1978.

Dennis D. Ferri, of Becker & Ferri, Wilmington, for defendants-appellants.

John J. Schmittinger and William A. Denman, of Schmittinger & Rodriguez, P. A., Dover, for plaintiffs-appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This is an appeal in a negligence case from the denial of a new trial or, alternatively, for reduction of a verdict for future medical expenses.

## I

Plaintiff was injured in an automobile accident. There was evidence that her physical injuries were permanent, subject to recurrence, and would require life-long future medical treatment; her life expectancy was 38.8 years. Issues were submitted to a Superior Court jury on special interrogatories and, in one response, the jury returned a verdict for $23,000 for future medical expenses.

While a number of issues have been briefed and argued in this Court, we focus primarily on one question derived from the $23,000 verdict: should an award for future medical expenses be discounted to present value? This is a new consideration for a Delaware Court and, apparently, it has not been discussed in many other jurisdictions.

For the reasons outlined below, we conclude that fairness and logic require the reduction of an award for future medical expenses to the present value of that sum.

## II

Damages awarded for a negligently imposed injury are usually described as "compensatory" because they are designed to measure and compensate for actual loss. For present purposes, we assume that a damaged plaintiff is entitled to a verdict, that is, he is entitled to an award which will adequately and fairly compensate for actual loss.

In a case in which the damage has ended, the bills can be totaled and the amount of "actual loss" may then be laid before a jury. But when some of such loss is going to occur in the future—when the medical evidence establishes, for example, that an operation will be necessary in two years and hospital and doctor bills will have to be paid at that time when an anticipated loss will become actual—then we are without the mathematical certainty of a settled amount. Any attempt to read the future is, of course, subject to the human condition and judges and jurors are no better at it than the rest of mankind. And when one considers only some of the possible variables over a 38.8-year future—from inflation to miracle drugs, for example—we are well aware of the fragile basis for any award based on what is expected to occur down the years. But, in the circumstances we discuss here, the jury is still obliged to make an award based on its evidentiary estimate of what is likely to happen in the future.

Given all of the uncertainties involved in attempting to fairly match compensation with anticipated medical expenses, we conclude that a lump sum award for all such damages, projected over the time period in question, should be reduced to its value as of the date of judgment.[1] We so hold for several reasons.

First, money earns money. Thus a plaintiff with the discounted lump sum in hand may invest it to produce the amount required (according to the evidence) to pay anticipated medical expenses when they are incurred. If the sum is not discounted, then the amount paid to compensate for a future loss will, with interest thereon,[2] exceed the amount required to make full recompense and thus provide a larger monetary value than the loss when it is actually incurred. Thus, *not* reducing a jury's ver-

dict for future medical expenses to present value would result in overpayment to a plaintiff at the time of future loss and an improper penalty against a defendant. Schreiber, *Damages in Personal Injury and Wrongful Death Cases* 474–76; see *Frankel v. United States*, E.D.Pa., 321 F.Supp. 1331 (1971), aff'd, 3 Cir., 466 F.2d 1226 (1972). The purpose of reduction to present worth is, of course, to strike a fair balance between the parties by eliminating a windfall for a plaintiff and an unnecessary penalty for a defendant. *Schreiber*, supra.

Second, reducing an award for future medical expenses to present worth should help to measure more accurately the "compensation" which is the undisputed objective of a plaintiff's verdict. The jury's job is to resolve a present monetary dispute between the parties and it seems to us that this is more likely to be done fairly if the verdict reflects present values.

Third, this conclusion is in harmony with our law governing future wage loss. Delaware follows the general rule that an award for future lost earnings must be reduced to present value, thus:

" . . . [A]n award for loss of future earnings must represent the present value of those earnings. By the award, the plaintiff immediately receives money which he would otherwise have received periodically over the span of years."

*Steppi v. Stromwasser*, Del.Supr., 297 A.2d 26, 27 (1972). It would be logically inconsistent to treat damages for the loss of future earnings differently from damages for future medical expenses. The advantage of the present use of money is the same in either event and, irrespective of which type of damage is involved, the future loss is similarly periodic in nature.

Finally, recent case law indicates that more Courts are requiring that an award

---

1. The rule governs when a time period of more than a few months is involved. In the current case the period is 38.8 years. We refrain from announcing any arbitrary period as minimal, but a rule of reason must be applied as the discounting requirement is worked out in the cases.

2. As the United States Supreme Court said: "It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future." *Chesapeake & O. Ry. v. Kelly*, 241 U.S. 485, 489, 36 S.Ct. 630, 632, 60 L.Ed. 1117 (1916).

for future medical expenses be reduced to present value. *Chiarello v. Domenico Bus Service, Inc.*, 2 Cir., 542 F.2d 883, 887 (1976); *Schnebly v. Baker*, Iowa, 217 N.W.2d 708, 727 (1974); *Hughes v. Brown*, 109 Ga.App., 578, 136 S.E.2d 403, 404 (1964). Compare *Frankel v. United States*, at 321 F.Supp. 1347; *Johnson v. Brown*, 11 N.C. App. 323, 181 S.E.2d 321 (1971). And see 22 *Am.Jur.*2d Damages § 96; 25A *C.J.S.* Damages § 194. Contra: *Yost v. West Penn Rys Co.*, 336 Pa. 407, 9 A.2d 368 (1939).

### III

■ Turning now to the case before us, there was no reversible error at trial, except the Court's failure to instruct on reduction to present value of the award for future medicals. The evidence was sufficient, *Henne v. Balick*, Del.Supr., 146 A.2d 394 (1958), to support the award of $23,000 for this item of damages, if adjusted to present value. Therefore, we reverse and remand for a reduction of the verdict for future medical expenses to present value.