The majority erred in denying plaintiff's claim for disability compensation when the evidence of record supports that plaintiff suffered a specific traumatic incident arising out of and in the course of her employment on January 9, 2001. It is clear from the record that plaintiff did indeed suffer an injury to her back. Plaintiff testified:
 One morning I was — on January the 9th, 2001, I was coming in to go to work. I went to the locker room, put on my boots and was going to the supply room to get my white coat and apron. when the guy has scrubbed the floor and didn't have the wet sign up, and both of my feet slipped from under me, and I fell back. My head, neck, back and leg hit the floor.
This statement shows that plaintiff suffered an injury to her back as a consequence of a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to her by defendant. N.C. Gen. Stat. § 97-2(6); See also Bradley v. E.B.Sportswear, Inc., 77 N.C. App. 450, 335 S.E.2d 52 (1985).
Though the majority found there was insufficient medical evidence to establish that her back condition is causally related to the January 9, 2001, fall at work, "there are many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of." Tickle v. Standard Insulating Co.,8 N.C. App. 5, 173 S.E.2d 491 (1970). In Tickle, the court found that expert medical testimony was unnecessary when plaintiff introduced evidence from which the trier of the facts might draw a reasonable inference that the particular injury of which he complained was the proximate result of the accident. Id. Thus, in the present case, even if there is a lack of expert testimony to show an increased risk, as the majority found, there is other competent, sufficient evidence to show that plaintiff did indeed experience a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to her by defendant.
As the North Carolina Supreme Court stated in Johnson v.Asheville Hosiery, Co., 199 N.C. 38, 153 S.E. 591 (1930), the Worker's Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose. Id. The majority has erred in failing to award compensation to plaintiff, despite the credible evidence of record that plaintiff did indeed experience a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to her by defendant. At the very least, this matter should be reopened for the taking of additional evidence to allow plaintiff an opportunity to establish a causal link between her back condition and the January 9, 2001, injury at work. For these reasons, I respectfully dissent from the majority's Opinion and Award in this matter.
This 25th day of October 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER