The majority erred in denying plaintiff's claim for disability compensation when the evidence of record supports that plaintiff suffered a specific traumatic incident arising out of and in the course of his employment on October 16, 2002. It is clear from the record that plaintiff did indeed suffer an injury to his back.
Plaintiff testified that on October, 16, 2002, his employer required him to unload a truck containing five rolls of carpet that each weighed approximately five-hundred pounds. The employer was short staffed that day, and plaintiff had only the help of owner Alan Pugh, when a job of that nature would usually require several employees. During the course of unloading the truck, plaintiff testified that his back was hurting, he was "stumbling and staggering," and that he told Mr. Pugh that the work "was more than my back could take or more than I can handle." This testimony shows that plaintiff suffered an injury to his back as a consequence of a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to him by defendant-employer. N.C. Gen. Stat. § 97-2(6); See also Bradley v. E.B. Sportswear, Inc.,77 N.C. App. 450, 335 S.E.2d 52 (1985).
Though the majority found there was insufficient medical evidence to establish that his back condition is causally related to the October 16, 2002, incident at work, "there are many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of." Tickle v. StandardInsulating Co., 8 N.C. App. 5, 173 S.E.2d 491 (1970). In Tickle, the court found that expert medical testimony was unnecessary when plaintiff introduced evidence from which the trier of the facts might draw a reasonable inference that the particular injury of which he complained was the proximate result of the accident. Id. Thus, in the present case, even if there is a lack of expert testimony to prove that plaintiff's injuries were causally related to the work-related incident on October 16, 2002, as the majority found, there is other competent, sufficient evidence to show that plaintiff did indeed experience a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to him by defendant-employer.
As the North Carolina Supreme Court stated in Johnson v. AshevilleHosiery, Co., 199 N.C. 38, 153 S.E. 591 (1930), the Worker's Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose. Id. The majority has erred in failing to award compensation to plaintiff, despite the credible evidence of record that plaintiff did indeed experience a specific traumatic event, occurring at a cognizable time, as a result of the work assigned to him by defendant-employer. At the very least, this matter should be reopened for the taking of additional evidence to allow plaintiff an opportunity to establish a causal link between his back condition and the October 16, 2002, injury at work. For these reasons, I respectfully dissent from the majority's Opinion and Award in this matter.
This 15th day of August 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER