CARMINE DiFIORE *vs.* UNITED STATES RUBBER COMPANY.

MARCH 30, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This petition for workmen's compensation was heard and granted by the superior court and a decree

was duly entered awarding petitioner compensation for total incapacity. General laws 1938, chapter 300. From that decree respondent has appealed to this court.

Under its appeal respondent contends that the decree is erroneous on the following grounds: First, there is no legal evidence that the alleged accident preceded petitioner's injury; second, there is no legal evidence that such accident was the proximate cause of his injury; and third, the trial justice misconceived and misunderstood the purport of the evidence concerning the alleged accident. Respondent argues that if this court sustains any one of those contentions the superior court's decree should be reversed and a decree entered denying and dismissing the petition.

Petitioner was employed as a trucker in respondent's plant. One of his regular duties was to lift rolls of "liner cloth" from the floor and place them on a truck about twelve inches high. Such rolls varied in weight from 200 to 250 pounds each. Petitioner had been doing this work for many years without any serious injury to his back at least since 1943. However, on July 27, 1948 he injured his back so severely that he required medical attention immediately and thereafter hospital treatment. He was later given a "myelogram test" which proved negative but subsequently an exploratory operation established that he had two ruptured intervertebral discs, one on the right side of the lumbosacral joint and one between the fourth and fifth lumbar vertebrae. It is undisputed that such injury arose out of and in the course of his employment and that he is at present totally incapacitated notwithstanding a successful operation on the ruptured discs. Respondent, however, has declined to enter into an agreement to pay petitioner compensation, substantially because of a lack of evidence that he was injured as a result of a compensable accident. On July 27, 1948 the statute required petitioner to prove not only that he sustained an

injury arising out of and in the course of his employment but also that such injury was caused by accident.

The controversy between the parties on this phase of the case stems almost wholly from two different interpretations of petitioner's testimony as to how he was injured. The trial justice's interpretation, as it appears from his decision, is: "I find as a fact that this accident happened as this petitioner described it, that he slipped, fell, and was hurt, and that the accident arose out of and in the course of his employment." Respondent argues that he erred in so interpreting the testimony. It contends that the only reasonable interpretation of such sentence is that petitioner lifted the roll, hurt his back and then went down on his right foot because of the injury. In other words, the contention is that the accident, if there was one, did not precede and cause the injury but was itself an effect of the injury rather than the cause.

If such contention of the respondent is sound it would raise a question of law, namely, that there was no evidence to support the trial justice's finding, and would be decisive of its appeal. We have assumed here that respondent claims its interpretation of the sentence is the only reasonable one, because if it is a question merely as to which of two interpretations is the more reasonable the issue would not be one of law but of fact with which in workmen's compensation cases this court has nothing to do. We have, therefore, carefully considered the testimony in question and are of the opinion that respondent's interpretation is not the only reasonable one.

Petitioner testified that after having lifted three rolls and placed them on his truck the accident happened while he was handling a fourth roll. He testified in this manner: "After I picked up the fourth one then slipped it out of my hands. It was wet and the floor wet, so after I fall it on the floor and I went to pick it up again and I slipped with the right foot, go down the right foot, and I hurt my back,

a big crack in the back." While it may be arguable that such language submits to the interpretation advanced by respondent it clearly does not preclude another reasonable interpretation, namely, that the petitioner's slipping on his right foot preceded and caused the injury to his back. Obviously petitioner lacked facility in expressing himself in the English language, but nevertheless it seems to us that a reasonable reconstruction of his testimony might be made as follows: "After I picked up the fourth one then it slipped out of my hands. It was wet and the floor was wet so that when I went to pick it up again, after I let it fall on the floor, I slipped and went down on my right foot and hurt my back—a big crack in the back." We think the trial justice's interpretation was reasonable and therefore there was some evidence that the accident preceded the injury.

However, respondent complains that such an interpretation is not consistent with other testimony of the petitioner in which he admits that in giving the plant nurse and the doctor who operated on him a history of the injury he did not mention that he had slipped. The purpose of this argument in connection with respondent's first contention is not clear to us; but if its object is to cast doubt upon petitioner's testimony that he slipped and fell we can only say that this was exclusively for the consideration of the trial justice in passing upon the credibility of the witness. In his decision he expressly adverts to this phase of the evidence and states his reason for believing the petitioner. Under the workmen's compensation act he is the sole judge of the credible evidence before him and of its probative force.

Under its second contention respondent urges that even admitting the happening of an accident preceding the injury there is no evidence which reasonably proves that such accident was the proximate cause of the injury. It appears from the transcript that immediately after the accident petitioner felt the pain in his back; that he had no trouble with his back prior thereto; that he promptly

reported his accident to his foreman; and that he was not able thereafter to do his work. It further appears that he put himself in the care of several doctors for treatment and cure and that it was a considerable time after the accident before they discovered the true nature of the injury to his back. The doctors themselves were not certain of this from their diagnoses, and even the "myelogram test" to which petitioner readily submitted proved negative, so that it required an exploratory operation to confirm their diagnoses.

We think the testimony of the petitioner that he hurt his back after he had slipped is some evidence that the injury was caused by the accident. Of course it did not necessarily prove that the accident had caused a rupture of the discs. In the circumstances, however, that fact could be reasonably inferred by the trial justice from all the evidence, especially in view of the fact that there was nothing tending to show that petitioner had such an injury before the accident. *Valente* v. *Bourne Mills,* 77 R. I. 274.

None of the medical witnesses testified categorically that the petitioner's slipping and falling could not have caused or contributed to cause the ruptured discs. In our opinion the closest thereto is the testimony of Dr. William A. Horan in answer to the following question in cross-examination by petitioner's counsel: "Well, if you had the history of him slipping and falling on his right knee, with all those other facts incorporated, would then your opinion have been he had an intervertebral disc, from your finding? A. No." The question does not seem to be as clear as it might be but in our judgment it did not pose the categorical question whether in the circumstances here slipping and falling could have contributed to cause the ruptured discs.

The most that respondent can deduce from Dr. Horan's testimony and that of the other medical witnesses is that *lifting alone* in the absence of slipping could have caused the injury. But such testimony is not sufficient to preclude the trial justice from drawing the inference from

all the evidence, including petitioner's testimony of slipping and falling, that there was a causal relation between the accident and the injury. He evidently did not consider that the medical testimony had impeached such testimony of the petitioner.

Respondent, however, apparently deems such testimony to be legally inadequate and wholly lacking in probative force in view of the medical testimony. He cites *Murray* v. *Ballantine & Sons*, 75 R. I. 13, in support of this view. We think he misconceives the holding therein. In that case the uncontradicted medical evidence was that gastroenteritis could not be caused by ingestion of a deleterious substance in less than twenty-four hours thereafter. Plaintiff claimed that he was so affected immediately after drinking beer allegedly containing such a substance. Of course in the circumstances there the plaintiff's testimony was made worthless by a positive undisputed fact of medical science. As we have seen, the testimony of the doctors in the case at bar is not of that character, and therefore the trial justice was not legally bound to disregard petitioner's testimony or to refrain from drawing reasonable inferences therefrom. Only if there was uncontradicted medical testimony that petitioner's slipping and falling could not have contributed to cause the rupture of the discs would we have had a case comparable to *Murray* v. *Ballantine & Sons*, *supra*.

Respondent's third contention is that the trial justice misconceived the evidence. This contention is based more or less on respondent's view that the trial justice should have accepted the testimony of the nurse, the doctor at the plant, and the other doctors who testified that petitioner had not told them he slipped and fell. The trial justice has stated his reasons why he did not credit their testimony in this respect rather than that of petitioner. Whether he made the better choice is not for us to say. It is fruitless for respondent to argue that in this respect the trial justice was not weighing the evidence or passing

upon the credibility of the witness but was engaged in interpreting, as a matter of law, the evidence before him. As we have already held, interpreting the evidence in the circumstances here was in reality no different from weighing the evidence and drawing inferences therefrom. So long as such interpretations or deductions were reasonable and did not amount in fact to misconception of the evidence they were within the trial justice's sole province of fact finding in a workmen's compensation case.

In our opinion neither *Egan* v. *Walsh-Kaiser Co.*, 73 R. I. 399, nor *Mondillo* v. *Ward Baking Co.*, 73 R. I. 473, cited by respondent in support of its contention, is comparable to the case at bar on that point. In each of those cases this court found that the trial justice had wholly misconceived the evidence. Here he did not do that although it may be arguable, that of two interpretations he chose the less reasonable one.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Michael Addeo, Maurice W. Hendel,* for petitioner.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for respondent.