IMPERIAL KNIFE CO., INC. *vs.* SANTA CALISE.

JUNE 26, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employer's petition for review of an agreement providing workmen's compensation to respondent for total incapacity. After a hearing in the superior court a decree was entered ordering petitioner to pay compensation for partial incapacity. From that decree petitioner has appealed to this court.

At the conclusion of the hearing the trial justice reserved decision and later filed a rescript in which he reviewed the evidence, made express findings thereon, and decided that respondent was no longer totally incapacitated but was partially incapacitated notwithstanding that ordinarily she

should be able to perform certain light work which petitioner had offered her. Such findings are set out in the decree as follows:

"1. The employee is not now totally incapacitated.

2. The employee is disabled from operating a power press such as she was working on at the time of her injury.

3. The employee is partially incapacitated as a direct result of her injury.

4. The employer has in good faith offered the respondent the following employment in its factory, at a wage equal to her average weekly wage at the time of her injury, which she should be able to perform except that she now has a fear complex which she should first make reasonable efforts to overcome:

a.) Sorting miscellaneous knife parts, including blanks, unfinished blades, and knife springs.

b.) Set up work—removing semi-finished knives from metal tray and placing in wooden tray.

5. The employee is able to do other types of work which do not require the use of the injured fingertips."

The petitioner filed five reasons of appeal from the decree the first three of which are generally that it is against the law, the evidence, and the law and the evidence. The fourth and fifth are more specific and are as follows: "4. The Court erred in its finding of fact that the employee is partially disabled by reason of a fear complex which prevents her from doing the work offered her in good faith by the employer. 5. The Court's decision that the employee is entitled to compensation for partial disability is based upon a misconception of the evidence."

At the hearing before us petitioner confined its contentions in support of its reasons of appeal to those specific reasons and further narrowed its argument solely to the claim that there was no evidence upon which a finding could be based that respondent was incapacitated by a "fear complex" from doing the light work which was offered

her. In answer to that claim respondent contends that the finding of partial incapacity is not necessarily based on a "fear complex" referred to in paragraph 4, as such finding is expressly and independently stated in paragraph 3. In other words she contends that that finding if supported by some evidence furnishes a basis for the decree and she insists there is such evidence.

We are of the opinion that respondent's interpretation of the decree is incorrect. Paragraphs 3 and 4 are necessarily based upon the view that respondent, although in general partially incapacitated, is not so incapacitated with respect to the specific jobs mentioned in paragraph 4, except that presently she has a "fear complex" which in the opinion of the trial justice amounts to actual incapacity even as to those jobs.

On that view the only question for determination here is whether there was any evidence of such a "fear complex" as to those jobs or any evidence from which the trial justice could reasonably draw an inference to that effect. Of course if there was such evidence even though it was slight we cannot disturb those findings. In workmen's compensation cases we do not weigh the evidence or pass upon the credibility of the witnesses. *DiFiore* v. *United States Rubber Co.*, 78 R. I. 124. Those matters lie exclusively within the province of the superior court by virtue of the workmen's compensation act which expressly provides that findings of fact by that court shall be conclusive in the absence of fraud. General laws 1938, chapter 300, article III, §6.

The petitioner concedes that such is the law but contends there is no evidence that respondent had a "fear complex" as to jobs described under (a) and (b) in paragraph 4. We agree that there is no direct evidence of that nature, but after carefully reading the transcript we are of the opinion that there is evidence from which the trial justice could reasonably draw an inference to that effect.

The evidence shows that respondent suffered severe and extremely painful fractures and lacerations of the ring and

middle fingers of her right hand while she was operating a power press on June 19, 1951 at petitioner's shop. After the accident she was taken immediately to the hospital where an operation was performed. Her fingers were in splints for about two months. As late as September 1951 there remained some scarring and irregularity of the finger tips and stiffness of the end joints and there was also a loss of bone of about one-quarter inch from the finger tips. At the time of the trial in the superior court in March 1952 she was still taking treatments and exercising her fingers by squeezing a sponge rubber ball prescribed by her physician. The tips of her fingers continued to be very sensitive and she had a weak grasp.

Doctor Stanley D. Simon, who examined respondent on January 14 and February 6, 1952, testified that she was not capable of doing work which required constant use of her hands throughout the day but only such work as would permit her to favor her right hand, as it certainly had not regained its full strength. He agreed that some appropriate light work would be good for her to do but not opening and closing jackknives, as that would be painful.

Doctor A. A. Savastano examined her in November 1951 and found that she could not bear pressure on her finger tips without pain. He further testified that the X-ray picture showed some softening of the bone and that in his opinion she could not pick up and sort small objects with her right hand for eight hours a day without pain.

Doctor Henry B. Fletcher, who testified for petitioner, examined respondent casually in August 1951 and made a complete examination on September 14, 1951. At that time she was, in his opinion, fully recovered except for slight stiffness of the injured fingers which he stated would pass with the full use of her hand while at work. He further testified that she could pick up and sort small objects during an ordinary workday and that it would certainly benefit her.

The trial justice apparently did not follow in full either

of these conflicting medical views. He did not accept the testimony of Dr. Simon and Dr. Savastano that respondent could not do the light work offered her nor did he credit Dr. Fletcher's testimony that she was fully recovered. On the contrary he seems to have considered the testimony of the doctors and the respondent herself in conjunction with his own observation of respondent as she displayed her injured fingers while she was testifying. In his rescript, after reviewing the medical evidence and correctly summarizing the testimony of each doctor and the report of the impartial medical examiner, he expressly stated that he made his findings upon a consideration of all the evidence and his "own observation of respondent." She had testified that she could not do jobs (a) and (b) described in paragraph 4.

It seems that while the trial was in progress respondent had made a visit to petitioner's shop and was shown employees actually working on such jobs. Apparently from the reluctance of respondent to try to do that work and her explanation of the condition of her fingers which deterred her from attempting such work, the trial justice inferred that she was suffering from a "fear complex" which made it practically impossible for her presently to undertake even such light work. While the basis for such an inference appears from the transcript to be rather slight, we cannot say that it is entirely without some reason to support it. This being so, the inference, despite its possible weakness, is legal evidence upon which the trial justice's decision may rest and hence we cannot disturb it.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Boss & Conlan, John T. Keenan,* for petitioner.
*Isidore Kirshenbaum,* for respondent.