GRADY M. CLICK, EMPLOYEE v. PILOT FREIGHT CARRIERS, INC., EMPLOYER, SELF-INSURER

No. 7810IC401

(Filed 5 June 1979)

1. **Master and Servant § 55.3— workmen's compensation—finding of accident— supporting evidence**

   A finding by the Industrial Commission that the cart plaintiff was pulling was struck by another cart and hit him in the back and, therefore, that an accident occurred, was supported by plaintiff's testimony at the hearing although such testimony contradicted prior statements made by plaintiff.

2. **Master and Servant § 56— workmen's compensation—causal relation between accident and injury—absence of medical testimony**

   Plaintiff's evidence was sufficient to support a finding that an accident at work caused his herniated disc, notwithstanding there was no medical evidence that the accident could have caused the disc injury, where plaintiff's testimony showed that the onset of pain was concurrent with the accident and that he was hospitalized soon thereafter, and there was no indication that he had had any previous back trouble.

APPEAL by defendant from the North Carolina Industrial Commission opinion and award of 1 March 1978. Heard in the Court of Appeals 7 February 1979.

Plaintiff instituted this proceeding seeking compensation for a back injury allegedly sustained while working for the defend-

ant. The Full Commission made findings of fact which provided, in pertinent part, as follows:

"1. As of 31 August 1976 plaintiff had been employed by defendant employer for approximately ten years. He worked on the loading dock and a part of his job was to hook and unhook four-wheel carts which were pulled on the dock by a conveyor belt-type device. On 31 August 1976 plaintiff unhooked and attempted to pull one of the carts to a location on the dock. Such cart was heavily loaded and weighed in excess of two thousand pounds. As plaintiff attempted to pull the cart, a cart behind the one he was pulling struck his cart causing it to hit him in the back. Plaintiff had pain in his back at such time.

2. Plaintiff sustained, as described above, an injury by accident arising out of and in the course of his employment with defendant employer.

3. On the evening following his accident plaintiff again had back pain when he simply stooped over to pick up some socks. He thereafter remained in bed because of his back until the following Friday, at which time he was hospitalized under the care of Dr. Richard P. Rose of the Forsyth Orthopedic Associates.

4. On 16 September 1976 plaintiff underwent exploratory surgery by Dr. Rose at the L4,5 interspace. Because of a great deal of bleeding during surgery it was felt that any exploration of the interspace would have been harmful to the patient and no herniated disc was found upon such operation. Plaintiff thereafter underwent an additional myelogram and surgery was again undertaken, at which time a herniated disc was found at L4,5 interspace and such herniated disc was removed. Plaintiff remained under the care of Dr. Rose and on 15 March 1977 was rated by the Doctor as having a 25 percent permanent disability of the spine.

5. As a result of the injury by accident giving rise hereto plaintiff was temporarily totally disabled from 1 September 1976 to 15 March 1977.

6. As a result of the injury by accident giving rise hereto plaintiff has a 25 percent permanent partial disability or loss of use of the spine."

Based on these findings of fact, the Commission concluded as a matter of law, that plaintiff sustained an injury by accident arising out of and in the course of his employment and that he was entitled to compensation for temporary total disability and a twenty-five percent permanent partial disability. From this award, defendant appeals.

*Yeager and Powell, by Frank J. Yeager, for plaintiff appellee.*

*Deal, Hutchins and Minor, by Walter W. Pitt, Jr., and Richard D. Ramsey, for defendant appellant.*

VAUGHN, Judge.

In reviewing workmen's compensation awards, this Court is bound by the findings of fact of the Industrial Commission if they are supported by competent evidence even though the record contains evidence which would support contrary findings. *Smith v. Burlington Industries*, 35 N.C. App. 105, 239 S.E. 2d 845 (1978); *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E. 2d 827 (1971). This Court may only determine whether any competent evidence was presented to support the Commission's findings and whether these findings justify the Commission's decision. *Byers v. Highway Commission*, 275 N.C. 229, 166 S.E. 2d 649 (1969).

[1] Defendant's first assignment of error is directed to the finding that there was an accident. The record shows that plaintiff gave conflicting stories as to how the injury arose. Immediately after the injury, plaintiff told fellow workers that he felt a pain in his back as he was pulling a cart off of the line but did not say that he had been hit in the back by a cart. He did not tell his supervisor that he was hurt and he continued to work until the end of his shift. At home that evening, plaintiff felt a pain in his back as he was bending over to take off his shoes. He told his doctor that he had hurt his back when he bent over to pick up something off of the floor. He submitted insurance forms to another insurer wherein he stated that the accident occurred at home. When he went back to visit his fellow workers at work he

told his supervisor that he had not been injured at work. In a statement made on 6 October 1976, plaintiff claimed that he felt a pain in his back as he was pulling a cart off of the line. Not until the hearing in July, 1977, did plaintiff assert that the cart he was pulling was struck by another cart and hit him in the back. Nevertheless, the Commission found in accordance with plaintiff's testimony, that he was hit in the back by a cart, and, therefore, that an accident occurred. This finding was supported by plaintiff's testimony, even though it contradicted other statements by plaintiff. We, therefore, are bound by this finding.

[2] Another issue presented by this appeal is whether plaintiff has presented sufficient evidence to support the finding that the accident at work caused the herniated disc and the resulting disability. Defendant contends that the Commission erred in finding a causal relationship between the injury and plaintiff's accident at work because there was no medical evidence stating that the accident could have caused this injury. Medical evidence is not necessarily required to prove that a work-related accident caused a particular injury. "In appropriate circumstances, awards may be made when medical evidence on these matters is inconclusive, indecisive, fragmentary or even nonexistent." Larson's Workmen's Compensation Law, § 79.51, 15-246 to 15-247 (1976). The question is, what are appropriate circumstances.

This Court addressed the question of whether, in the absence of expert medical testimony as to the causal relationship between an injury and an accident, an award for temporary total disability can be made in *Tickle v. Insulating Co.*, 8 N.C. App. 5, 173 S.E. 2d 491, *cert. den.*, 276 N.C. 728 (1970). In *Tickle*, plaintiff employee testified that he was employed by defendant and was unloading bundles of cardboard from a truck. Each bundle weighed between seventy and seventy-five pounds. Normally he would only pick up one bundle at a time, but, as he was unloading, another bundle stuck to the one he was picking up. Plaintiff immediately experienced back pain and did not work the rest of the day. Plaintiff's doctor testified that when he saw him the next day, plaintiff was suffering pain in the muscles in his back. Plaintiff told the doctor that he had been bending over picking up bundles and had twisted his back. The doctor did not testify that this accident could have caused this injury. In affirming an award for temporary total disability, the Court found that where an injury is

uncomplicated, lay testimony is sufficient to support a finding as to causation.

> "We agree that where the injury or illness is such that a lay person could have no well-founded knowledge with respect thereto and could do no more than engage in speculation as to the cause of the condition complained of, then expert medical testimony is necessary, but 'There are many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of.' . . . We think the case now before us falls in the latter category, and that plaintiff introduced evidence from which the trier of the facts might draw a reasonable inference that the particular injury of which he complained was the proximate result of the accident." (Citations omitted.) *Tickle v. Insulating Co., supra*, at 8, 173 S.E. 2d at 494.

*See also Soles v. Farm Equipment Co.*, 8 N.C. App. 658, 175 S.E. 2d 339 (1970).

Generally, the more complicated the situation, the greater the need for expert testimony linking the injury with a work-related accident. In *Uris v. State Compensation Department*, 247 Or. 420, 427 P. 2d 753 (1967), the Court stated,

> "In the compensation cases holding medical testimony unnecessary to make a prima facie case of causation, the distinguishing features are an uncomplicated situation, the immediate appearance of symptoms, the prompt reporting of the occurrence by the workman to his superior and consultation with a physician, and the fact that the plaintiff was theretofore in good health and free from any disability of the kind involved. A further relevant factor is the absence of expert testimony that the alleged precipitating event could not have been the cause of the injury . . . ." (Citation omitted.) *Uris v. State Compensation Department, supra*, at 426, 427 P. 2d at 756.

Thus, in *Lamb v. Industrial Commission*, 13 Ariz. App. 408, 477 P. 2d 282 (1970), where plaintiff was operated on to repair a herniated disc six years after the last work-related accident, the Court stated that "[w]here the result of an accident for which

workmen's compensation is claimed is of such a nature that it is not clearly apparent to an ordinary layman, this must be established by expert medical testimony." *Lamb v. Industrial Commission, supra,* at 409, 477 P. 2d at 283.

In Casey's Case, 348 Mass. 572, 204 N.E. 2d 710 (1965), plaintiff received a compensable back injury in October, 1961. In July, 1962, he suffered another back injury doing a different type of work and brought suit to recover for the further disability. As the insurance carriers had changed since the first injury, the issue presented was whether the incapacity was caused by the first injury or the second. The Court held that medical testimony as to the cause of the disability was required in this case because the causal relationship was a complicated question. Since the plaintiff produced no medical testimony to substantiate the causal relationship, recovery was denied.

The North Carolina Supreme Court has denied recovery in a negligence action when plaintiff failed to prove that the accident caused her back injury. In *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753 (1965), defendant was driving plaintiff to the store. Defendant stopped her car on the shoulder of the road with the engine running and the car in gear. Plaintiff got out and was standing between the open door and the door frame when defendant's foot slipped off of the clutch and the car lurched forward. The door hit the plaintiff in the right hip and twisted her body against the side of the car. Six months later plaintiff was diagnosed as having a ruptured disc. Plaintiff produced no evidence to show that the accident could have caused the ruptured disc. The Court found that the jury's award of damages could not be upheld because the plaintiff had failed to produce medical evidence that the accident caused this injury.

"There are many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of . . . . For instance, no medical evidence was required to link plaintiff's soreness the next day and the six-inch bruise on her right hip with the incident on June 12th. Where, however, the subject matter — for example, a ruptured disc — is 'so far removed from the usual and ordinary experience of the average man that expert knowledge is essen-

tial to the formation of an intelligent opinion, only an expert can competently give opinion evidence as to the cause of death, disease, or a physical condition.' . . .

"Where 'a layman can have no well-founded knowledge and can do no more than indulge in mere speculation (as to the cause of a physical condition), there is no proper foundation for a finding by the trier without expert medical testimony.' . . . The physical processes which produce a ruptured disc belong to the mysteries of medicine." (Citations omitted.) *Gillikin v. Burbage, supra*, at 325, 139 S.E. 2d at 760.

The Court, therefore, awarded a new trial.

*Gillikin* was followed in *Miller v. Lucas*, 267 N.C. 1, 147 S.E. 2d 537 (1966), where plaintiff complained of back pains for over eight months between the accident and an operation to correct a ruptured disc. No medical evidence was presented to show that the ruptured disc might have resulted from the accident. Thus the Court held it was error to charge the jury concerning damages resulting from this back operation.

In other cases, however, the testimony of the injured employee has been sufficient to establish causation. In *Di Fiore v. United States Rubber Co.*, 78 R.I. 124, 79 A. 2d 925 (1951) the only testimony as to the cause of the injury was by the employee and his testimony was in conflict with some of the medical evidence. Nevertheless, the Court held that the employee's testimony that he hurt his back in the accident was some evidence of causation.

"Of course it did not necessarily prove that the accident had caused a rupture of the discs. In the circumstances, however, that fact could be reasonably inferred . . . from all the evidence, especially in view of the fact that there was nothing tending to show that petitioner had such an injury before the accident." *Di Fiore v. United States Rubber Co., supra*, at 128, 79 A. 2d at 927.

In *Gubser v. Industrial Commission*, 42 Ill. 2d 559, 248 N.E. 2d 75 (1969), the employee was picking up a patient when he hurt his back. He continued to work for a week and six months later a ruptured disc was found. Despite the absence of medical

testimony, the Court held that a causal connection had been established. The employee experienced pain at the time of the occurrence, informed his employer and sought medical attention. *See also Harris Cattle Co. v. Parker*, 256 Ark. 166, 506 S.W. 2d 118 (1974).

In the case at bar, plaintiff's only evidence linking the herniated disc with the accident at work was his own testimony. We note that nothing in the doctor's report specifically states that the back injury could have been caused by this accident. Indeed, the doctor's statement recites that plaintiff gave him a history of an onset of pain immediately after picking up an object from the floor. Nevertheless, we conclude that plaintiff's testimony was sufficient to establish a causal connection between the accident and the injury. His testimony showed that the onset of pain was concurrent with the accident, and he was hospitalized soon thereafter. There was no indication that he had had any previous back trouble. The doctor's report established that plaintiff suffered a twenty-five percent permanent partial disability. We find, therefore, that the evidence was sufficient to support the Commission's findings of fact and that these findings justify the Commission's award.

Affirmed.

Judges CLARK and MITCHELL concur.