PEARL NORRIS, EMPLOYEE-PLAINTIFF v. KIVETTCO, INC., EMPLOYER AND UNITED STATES FIDELITY & GUARANTY INSURANCE, CARRIER, DEFENDANT

No. 8110IC809

(Filed 20 July 1982)

**Master and Servant §§ 55.3, 56— workers' compensation—back injury—no accident—no proof of causation**

    Plaintiff did not suffer a back injury by accident when her ankle, for some unexplained reason, "gave way" as she lifted a bundle of jeans and she felt a stinging sensation in her back since her injury was caused by an idiopathic condition unconnected with her employment. Furthermore, even if there was an accident, plaintiff failed to prove that the accident could or might have resulted in the injury to her back.

APPEAL by plaintiff from order of the North Carolina Industrial Commission filed 3 March 1981. Heard in the Court of Appeals 31 March 1982.

Plaintiff was employed between February 1979 and January 1980, at Kivettco, Inc., in High Point, where she side-seamed or hemmed blue jeans on a sewing machine. She normally worked from 7:00 a.m. to 3:30 p.m. About every hour and a half, plaintiff walked approximately five feet from her sewing machine to a hand truck, where she picked up a bundle of around 35 or 40 pairs of jeans, returned to her machine, sewed the jeans, then placed

them on a truck and pushed the truck to a "hemmer". The bundles were of fairly uniform size and weight.

Between 1:30 and 2:30 p.m. on Friday, 24 August 1979, plaintiff picked up a bundle of jeans. As she did so, her left foot "gave way", then she felt a stinging sensation in her back. She did not slip, trip, or fall, and her foot did not move. Plaintiff returned to her machine and worked until 3:30, when her shift ended. She testified that she had severe back pain upon her return home between 3:30 and 4:00 p.m., and that she treated herself with over-the-counter medicinal rubs. However, she also told an adjuster employed by United States Fidelity and Guaranty that she did not feel anything that day, having first experienced pain when she arose the following morning.

Plaintiff returned to work on Monday, 27 August and worked until 9:00 a.m., but experienced such pain that she went to a physician who gave her pain pills and relaxants. She suffered severe back pain again on Friday, 31 August and was taken to the High Point Memorial Hospital emergency room. Doctor Michael B. Hussey attended plaintiff, diagnosed her as suffering from acute lumbosacral strain, and hospitalized her for eleven days. She returned to work at Kivettco on 29 October 1979.

Deputy Commissioner Angela R. Bryant found as fact in an opinion and award that

> On Friday, August 24, 1979, plaintiff got up from her machine, walked four feet to her left, bent over and picked up a bundle of blue jeans (35 to 40 pair) and her left ankle gave away (felt weak). Plaintiff felt a sting in her back as if something had pulled loose. Plaintiff almost fell, kept balance with her right foot, and stood for a minute holding on to the bundle. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.

Her first conclusion of law based on the facts found was that "plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer." Plaintiff was awarded benefits, and defendants appealed. The Full Commission adopted the deputy commissioner's findings, but concluded that plaintiff had not suffered an injury by accident and that there

was no competent medical authority to indicate that plaintiff's injury caused the back difficulty for which she was hospitalized. Plaintiff appeals the denial of her claim.

*Charles L. Cromer for plaintiff appellant.*

*Wyatt, Early, Harris, Wheeler and Hauser, by William E. Wheeler, for defendant appellee.*

MORRIS, Chief Judge.

Plaintiff, by her first assignment of error, alleges that the Full Commission erred in concluding that plaintiff's injury was not the result of an accident. She contends that the evidence of her foot giving way before she felt the sensation in her back shows an interruption of the usual work routine and the introduction of a new circumstance not a part of that routine.

"A back injury . . . suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way." (Citations omitted.) *Pardue v. Blackburn Brothers Oil and Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747 (1963). "Accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unpredicted consequences." *Harding v. Thomas and Howard Co.*, 256 N.C. 427, 429, 124 S.E. 2d 109, 111 (1962). That is to say, in the absence of some fortuitous event, injury of an employee while performing his regular duties in the ordinary way is not compensable under the North Carolina Workers' Compensation Act.

> An accident, as the term is used in the Act, is "(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause." *Harding v. Thomas and Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109. While there need be no appreciable separation in time between the accident and the resulting injury, *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342, there must be some unforeseen or unusual event other than the bodily injury itself.

*Rhinehart v. Roberts Super Market, Inc.*, 271 N.C. 586, 588, 157 S.E. 2d 1, 3 (1967). Plaintiff's ankle, for some unexplained reason,

"gave way" as she lifted a bundle of jeans, but before she felt the sensation in her back. We think that *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308 (1963), is factually quite similar and controls here. In *Cole*, plaintiff, a juror, who was 74 years of age, fell on the cement porch of the courthouse as she was leaving the building during the noon recess. She said that there was no foreign matter on the floor and that the door did not hit her. "My leg just gave way and I fell." The Commission concluded that she suffered an injury by accident arising out of her employment. In reversing, the Court, through Sharp, J. (later C.J.) said:

> Mrs. Cole's fall was idiopathic—that is, one due to the mental or physical condition of the particular employee. 99 C.J.S., Workmen's Compensation, § 257(1). The liability of an employer for such injuries was considered by this Court in *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173. In that case an employee subject to epileptic seizures, while driving his employer's truck, felt one approaching. He stopped the truck, opened the door, and laid down in the seat with his feet hanging out. During the seizure he fell and was injured. In reversing the Commission's award of compensation, this Court held that the seizure was the sole cause of the injury which was unrelated to the employment. The Court said:

>> "(T)he better considered decisions adhere to the rule that where the accident and resultant injury arise out of both the idiopathic condition of the workman and hazards incident to the employment, the employer is liable. *But not so where the idiopathic condition is the sole cause of the injury.*" (Italics ours.)

> The opinion in *Vause* referred to 5 Schneider's Workmen's Compensation Text (Permanent Ed.), § 1376, where the author states: "(T)he question that usually determines whether the injury is compensable is, did the employee's working conditions contribute to the fall and consequent injury or was the accident solely due to the employee's idiopathic condition which might have caused him to fall in his home with the same injurious results? If it is the latter the employer is not liable, if the former he is liable." Quite clearly Mrs. Cole's fall was in the latter category. The claim-

ant's fall in *Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E. 2d 97, and in *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476, were in the former. See 40 N.C. Law Rev. 488.

*Id.* at 728, 131 S.E. 2d at 311-12. It seems clear that plaintiff's injury in the case before us was also in the latter category. The Commission correctly vacated the deputy commissioner's conclusions of law and award.

Additionally, there is a total lack of proof of causation. Plaintiff contends by her second assignment of error that the Commission committed error in concluding that there had been no showing by competent medical authority that her injury caused the difficulty for which she was hospitalized. We disagree.

The evidence of the onset of pain is conflicting. Plaintiff testified before the deputy commissioner that she experienced pain upon returning home from work on 24 August, but told a representative of United States Fidelity and Guaranty in a recorded statement that she first suffered pain when she got out of bed the following morning. She testified that she did not report an injury to her employer on the 24th, and did not seek medical attention until 27 August. The only medical evidence was Dr. Hussey's bill for services rendered on which appeared the words "Diagnosis: Acute lumbosacral strain." There was no medical evidence indicating how the strain might have been sustained. Even if we should assume that there was an accident, without the guidance of expert opinion as to whether the accident could or might have resulted in her injury, there is no proper foundation for a finding by the Commission regarding the origin of plaintiff's back injury. *Click v. Pilot Freight Carriers, Inc.*, 41 N.C. App. 458, 255 S.E. 2d 192 (1979), *rev'd*, 300 N.C. 164, 265 S.E. 2d 389 (1980); *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965).

Accordingly, the denial of award by the Full Commission is

Affirmed.

Judges HEDRICK and VAUGHN concur.