Although defendants submitted a motion to dismiss plaintiff's appeal based on plaintiff's failure to timely file an Industrial Commission Form 44 and brief pursuant to Rule 701(2), the Full Commission, in its discretion, will rule upon the merits in this case.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
At the initial hearing before the Deputy Commissioner, the parties submitted a Pre-Trial Agreement, dated 25 May 1994; and this document, with its stipulations, is incorporated by reference as though fully restated herein.
Following the hearing, the record remained open to allow the parties to produce additional evidence. Thereafter, the parties have submitted the depositions of Dr. Donald Bales, Jr. and Dr. Donald Rabil. In addition to the evidence accepted at the hearing, these documents are hereby made a part of the record of this case; and all objections raised by counsel are hereby OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 61 years old, with a date of birth of 24 July 1932. For her education plaintiff had completed the eleventh grade. For her medical history, plaintiff suffered from adult-onset diabetes. For her work history, plaintiff had worked in a textile mill for 25 years prior to starting work with defendant. Plaintiff started work with defendant on 22 July 1991 in a job inspecting and cleaning yarn.
2. Sometime before November 1991 plaintiff developed interstitial pulmonary fibrosis. There is insufficient evidence of record from which the undersigned can infer from its greater weight that plaintiff's exposure to a solution which was used to clean yarn (trichloroethane) was a cause of the interstitial pulmonary fibrosis, nor that exposure to the solution increased plaintiff's risk of developing interstitial pulmonary fibrosis, nor that interstitial pulmonary fibrosis is a disease characteristic of and peculiar to plaintiff's employment with defendant-employer.
* * * * * * * * * * *
Based on the findings of fact the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Plaintiff has failed to prove that she suffers from an occupational disease. N.C. Gen. Stat. § 97-53; Click v. Freight Carriers,41 N.C. App. 458 (1979).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs, except that defendants shall pay, if not already paid, an expert witness fee in the amount of $150.00 to Dr. Rabil and $150.00 to Dr. Bales.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER