The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has shown good ground to reconsider the evidence. The Full Commission finds that the evidence is insufficient to support the Plaintiff's claim and Reverses the final decision of the Deputy Commissioner. The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing, and in a Pre-Trial Agreement, as
 STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the North Carolina Workers' Compensation Act. The employer-employee relationship existed between Defendant-employer and Plaintiff-employee.
2. The parties agreed to stipulate into evidence a Form 22 provided by Defendants.
3. The parties agreed to stipulate into evidence Dr. Yates' medical records concerning the Plaintiff.
 *************
Based upon all of the competent evidence adduced at the hearing, the Full Commission makes the following additional
 FINDINGS OF FACT
1. On or about June 12, 1995, Plaintiff was employed by Defendant Klaussner Furniture Industries as a frame builder. He built wooden frames for upholstered furniture. Plaintiff had been employed with Defendant since 1979.
2. On or about June 12, 1995, Plaintiff's average weekly wage was $491.68, based on the Form 22 submitted by the Defendants. Plaintiff's average weekly wage yields a compensation rate of $327.80.
3. On or about June 12, 1995, Plaintiff was engaged in his duties as a frame builder when he stepped on a row of staples on the floor and his right foot slipped out from under him. He reached out to grab his table with his right hand and a buggy with his left hand. He slipped backwards and his right leg came up, but he caught himself and did not fall to the floor. He felt a sharp pain in his lower right back and hip area.
4. Plaintiff did not immediately notify anyone about his accident. He hoped it was a pulled muscle, which would get better on its own in time.
5. Plaintiff did not seek medical treatment for his back until July 24, 1995 when he reported to Klaussner Furniture Medical Department, with complaints of back pain. He did not at the time report the particular incident, his slip and near fall which occurred on or about June 12, 1995. Plaintiff told the medical personnel he thought he had hurt his back and asked for an appointment to see Dr. Larry Simpson, the company doctor. He was treated during his first two visits by nursing personnel at the medical clinic and did not see the clinic physician until July 26, 1995.
6. On July 26, 1995, Plaintiff saw Dr. Larry Simpson at the Klaussner Medical Clinic. Plaintiff responded negatively to Dr. Simpson's questions concerning any accident, such as whether Plaintiff had fallen or had something run into him, etc. Plaintiff did not volunteer information concerning the June 12 incident when he slipped on the staples.
7. On August 2, Plaintiff reported for his second visit to Dr. Simpson. At that time, he had recalled the incident of June 12, 1995, and asked Dr. Simpson whether it was possible that if he stepped on staples on the floor and bent backwards and threw his leg out, that it could have caused the problems he was having. Dr. Simpson told him that he didn't think so. Dr. Simpson testified at the hearing, but he was not asked and did not render any opinion with regard to the cause of Plaintiff's back injury.
8. Dr. Simpson referred Plaintiff to Dr. Mark Yates, an orthopedic specialist at Piedmont Orthopedics, who first saw Plaintiff on August 9, 1995. At Dr. Yates' office, Plaintiff filled out a Questionnaire which indicated that he had slipped on staples at work on June 12, 1995 and injured his back.
9. Dr. Yates recommended an MRI, which was carried out and showed a herniated disk at L4-5, moderate in size. Dr. Yates recommended surgery and on September 25, 1995, he performed a one-level microdiskectomy.
10. Dr. Yates testified in this matter and was specifically asked his opinion as to whether the incident when Plaintiff slipped on the staples caused Plaintiff's herniated disc. Dr. Yates testified that he could not state an opinion to a reasonable degree of medical certainty that Plaintiff's back injury, the herniated disk, was caused by that incident. Dr. Yates was particularly reluctant to form any opinions as to a causal connection due to the more than two months which had elapsed since the incident before he saw Plaintiff, as well as the fact that Plaintiff did not initially report this incident to the staff at Klaussner's Medical Clinic.
11. While it is troublesome that Plaintiff did not initially report the incident when he slipped on some staples, apparently the incident was not so traumatic as to cause him concern, and he did not expect any serious consequences. Although this accident occurred, it has not been shown to be the cause of the injury to Plaintiff's back. The greater weight of the medical evidence, and more particularly Dr. Yates' testimony, fails to establish a causal connection between Plaintiff's slip and near fall at work on or about June 12, 1995 and his herniated disk.
12. Plaintiff was out of work from July 27, 1995 until September 6, 1995, and again from September 13, 1995 until January 11, 1995. Dr. Yates has rated Plaintiff with an impairment rating of five percent to the back.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following additional
 CONCLUSIONS OF LAW
1. The Full Commission recognizes that the Deputy Commissioner is in the best position to assess the credibility of live witnesses. In that regard, Plaintiff's testimony concerning the particular incident when he slipped on some staples, is not rejected. Even though Plaintiff sustained an accident when he slipped on some staples on or about June 12, 1995, this accident has not been established as the cause of the Plaintiff's back injury. This decision is based not upon any considerations of credibility but upon a lack of sufficient medical evidence. N.C.G.S. § 97-2(6); Sanders v. Broyhill Furniture, N.C. App. (1996).
2. Plaintiff has failed to meet his burden of proving by the greater weight of the evidence that on or about June 12, 1995, he sustained an injury by accident. Testimony of competent medical authority was needed on the issue of causation between the accident and the back injury. Dr. Yates testimony that it was "possible" that there was a causal connection, but that he could not state that to a reasonable degree of medical certainty is insufficient to meet Plaintiff's burden of proof as to causation. N.C.G.S. § 97-2(6); Walston v. Burlington Industries, 304 N.C. 670
(1982); Click v. Pilot Freight Carriers, Inc., 41 N.C. App. 458
(1979).
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Under the law Plaintiff's claim must be and the same is hereby Denied.
2. Defendants shall bear the costs.
 S/ ________________________ KIM L. CRAMER DEPUTY COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER