The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chrystal Stanback. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The employer-defendant, Cone Mills Corporation, is a duly qualified self-insured corporation under the provisions of the North Carolina Workers' Compensation Act.
2. The employer-defendant regularly employs more than three employees and was bound by the North Carolina Workers' Compensation Act.
3. The employer-employee relationship existed between the employer-defendant and the employee-plaintiff on or about July 16, 1996, the date of the alleged injury.
4. The parties stipulated to a Form 22 and to an average weekly wage of $444.12, which yields a compensation rate of $296.16.
5. The employee-plaintiff was acting in the course and scope of her employment at the time of the alleged injury.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. The employee-plaintiff is a forty-four year old female with an eleventh grade education. The employee-plaintiff was employed by the employer-defendant for approximately seventeen years as a three-in-one machine operator, a job which required her to work twelve hour shifts. Her job required her to roll first quality cloth and take out seconds and thirds. It also required plaintiff to stand on a platform to perform her duties. The employee-plaintiff would stand during her entire shift.
2. On Tuesday, July 16, 1996, employee-plaintiff was removing rag from first quality cloth when she twisted her foot on the edge of the platform causing her to fall down and strike her right knee on the concrete floor. The employee-plaintiff reported the incident to her supervisor indicating that there was a problem with the platform, but denying that she needed any form of medical treatment. The employer-defendant's maintenance man examined the platform, but found nothing wrong with it.
3. The employee-plaintiff returned to work the following day and worked her full twelve hour shift with no complaints. Thursday and Friday of that week were employee-plaintiff's regularly scheduled days off. She returned to work the following Monday, July 22, 1996, once again working her normal twelve hour shift. She reported to work Tuesday, July 23, 1996, but worked only nine hours as she had to attend a funeral. Wednesday, July 24, 1996, the employee-plaintiff worked six hours because she had pre-scheduled a half-day vacation. At this point, no one, co-workers or supervisors, had noticed any swelling of the employee-plaintiff's leg, nor had anyone noticed her limping.
4. Employee-plaintiff never sought medical treatment prior to leaving on her vacation. She did not report to the plant nurse despite the fact that her employee file shows she had visited the nurse with numerous complaints in the past. Employee-plaintiff did not complain of pain in her knee to anyone at all at the employer-defendant's place of business.
5. Employee-plaintiff went on vacation to Buffalo, New York, where on the second day, she did a lot of walking. Employee-plaintiff's leg did not begin to swell or become a problem until she did a lot of walking on her vacation on July 27, 1996, eleven days after her fall at work.
6. Employee-plaintiff first sought medical treatment on July 31, 1996, being seen by Dr. Paul Long. While she reported her fall at work, she also disclosed that she had been having trouble with this knee for one to two years. Dr. Long diagnosed employee-plaintiff with osteoarthritis, a condition that develops over months or years, but was not related to her fall. Dr. Long performed arthroscopic surgery one month after the initial fall, which did not show any signs of recent trauma or injury, but he found a joint which had already narrowed and showed degenerative changes. According to Dr. Long, employee-plaintiff would have developed symptoms within 24-to-72 hours after the fall if the fall was the cause of her problems.
7. Employee-plaintiff also consulted Dr. Daniel Murphy who opined that she should have experienced swelling within the first few days of her fall. He further opined that if such a fall was going to bring out arthritic symptoms, there should have been an impact on the injured employee's life from the date of the injury; including visits to some medical professional, and a corresponding decrease in work hours due to the discomfort.
8. In essence, Dr. Murphy opined that if employee-plaintiff had not experienced any prior symptoms, the fall was the cause of her injury; but if she did have pre-existing symptoms, the problem was degenerative. The evidence in this case revealed that in 1988, employee-plaintiff reported to the nurse at the plant that she was experiencing a burning sensation from her right ankle up to her right knee. In 1994, employee-plaintiff was involved in an automobile accident in which she stated that her knees hit the dashboard.
9. The greater weight of the evidence establishes that employee-plaintiff's knee problems were caused by a pre-existing degenerative condition and not by her fall at work on July 16, 1996.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Employee-plaintiff's knee problems did not result from an injury by accident arising out of and within the course and scope of her employment with defendant-employer. G.S. § 97-2 (6).
2. Where an idiopathic condition, and not a job-related accident, is the sole cause of the injury, the employer-defendant is not liable. Norris v. Kivetto, Inc., 58 N.C. App. 376,293 S.E.2d 594 (1982).
3. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2(6); G.S. § 97-53 (13).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
Each side shall bear its own costs.
This the ___ day of October 1998.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _____________________ J. HOWARD BUNN, JR. COMMISSIONER